UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRAD SAMPLES, GINGER RICHARDSON, and THE WASHINGTON STATE FEDERATION OF STATE EMPLOYEES

Plaintiffs,

v.

WASHINGTON STATE EXECUTIVE ETHICS BOARD, STATE OF WASHINGTON; MELANIE de LEON, Executive Director, et al.,

Defendants.

CASE NO. C12-5418 BHS

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This matter comes before the Court on Defendants Washington State Executive Ethics Board, its executive director, and officers and members' (collectively "Board") motion to dismiss (Dkt. 11). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On May 10, 2012, Plaintiffs Brad Samples ("Samples"), Ginger Richardson ("Richardson"), and the Washington State Federation of State Employees ("Federation") (collectively "Plaintiffs") filed a civil rights complaint against the Board alleging violations of Plaintiffs' rights to Freedom of Speech.  Dkt. 1.

ORDER - 1

1    On July 19, 2012, the Board filed a motion to dismiss. Dkt. 11. On August 23,

2  2012, Plaintiffs responded. Dkt. 17. On August 31, 2012, the Board replied. Dkt. 20.

## II. FACTUAL BACKGROUND

Plaintiffs conceded that "there are few, if any, disputed facts." Dkt. 17 at 3. Therefore, the Court adopts Plaintiffs' version of the facts, which is as follows:

> Samples, Richardson and a few other employees of several state agencies, appeared in commercial television advertisements sponsored by the [Federation] which urged the public to have state legislators quit blaming state employees for the State's budget problems. Each employee identified themselves by their job title, or a close approximation of their job title, which the state alleges was an improper use of state property prohibited by RCW 42.52.160. All the ads were done on the employees' own time on private property and were paid for by the [Federation]. The employees volunteered their time to participate. The ads were political speech by the employees and their union regarding a matter of public concern.
>
> The employees and the [Federation], in its representational capacity, seek a declaratory judgment pursuant to 28 USCA 2201(2) that Samples and Richardson's conduct, as well as the conduct of the other employees, was protected free speech for which they and other union members may not be fined or penalized. Samples and Richardson requested an appeal through the Board's administrative process, however, due to the Board's schedule and through no fault of either employee, the hearing on this matter will not be held until July 11, 2013. During the ensuing year, the Board's allegations against Samples and Richardson will continue to have a chilling effect on state employees exercising their right of free speech for fear of being charged by the board with similar violations.

Dkt. 17 at 2–3 (footnote and citation omitted).

## III. DISCUSSION

The Board moves to dismiss Samples's and Richardson's claims based on *Younger* abstention and the Federation's claim based on lack of jurisdiction. Dkt. 11 at 1–2. This motion can be resolved on *Younger* abstention.

ORDER - 2

"Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Younger v. Harris*, 401 U.S. 37, 43 (1971). The *Younger* doctrine espouses "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). The jurisprudential basis for *Younger* abstention is "rooted in overlapping principles of equity, comity and federalism." *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1091 (9th Cir. 2008). A federal court

> must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves.

*Id.* at 1092 (citing *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004)).

In this case, the Board argues that each element is met and, therefore, the Court should abstain. Plaintiffs only dispute the second and fourth elements, (Dkt. 17 at 12–14), and the Court finds that the state proceeding is ongoing and that Plaintiffs have failed to show that they are barred from asserting their First Amendment rights in that proceeding. Therefore, the Court turns to the disputed elements.

**A.    State Interests**

*Younger* abstention is required only if the state proceeding "implicates important state interests." *Gilbertson*, 381 F.3d at 978. "The importance of the interest is measured

by considering its significance broadly, rather than by focusing on the state's interest in the resolution of an individual's case." *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 618 (9th Cir. 2003). "Where the state is in an enforcement posture in the state proceedings, the 'important state interest' requirement is easily satisfied, as the state's vital interest in carrying out its executive functions is presumptively at stake." *Potrero Hills Landfill, Inc. v. County of Solano*, 657 F.3d 876, 883–884 (9th Cir. 2011) (citations omitted); *see, e.g., Middlesex*, 457 U.S. at 434-35 (holding that a state's interest in regulating the ethical standards of lawyers is an important state interest).

> Thus, when the state seeks to enforce a law of significant state importance through judicial or quasi-judicial action, we have found abstention necessary to protect the state's unique interest in exercising its basic executive functions in a wide range of civil contexts.

*Potrero Hills*, 657 F.3d at 884 (citations omitted).

In this case, the "important state interest" requirement is easily satisfied. It is uncontested that the Board is acting in an enforcement posture regulating the ethical standards of state employees. Plaintiffs attempt to distinguish this case on the basis that they are not challenging the Board's "ability to enforce ethics rules in general," they "are only seeking to enjoin two specific acts by the Board." Dkt. 17 at 12. However, the Supreme Court held that the enforcement of state attorney disciplinary proceedings was an important state interest warranting abstention when the federal suit was filed by one attorney and three organizations. *Middlesex*, 457 U.S. at 434-35. The instant suit involves two employees and a statewide union of employees, which shows a broader and even more important state interest than the interest in *Middlesex*. Therefore, the Court

ORDER - 4

finds that the Board has met its burden in showing that an important state interest is present.

**B.     Interference**

"The final *Younger* requirement is that the federal suit would 'interfere' with the ongoing state proceeding (i.e., enjoin or have the practical effect of enjoining the proceeding)." *City of San Jose*, 546 F.3d at 1095 (citing *Gilbertson*, 381 F.3d at 978).

In this case, Plaintiffs request that the Court "issue an injunction ordering that [the Baord] be enjoined from further prosecuting Plaintiffs Samples and Richardson for alleged violations of RCW Ch. 42.52 . . . ." Complaint at 7. Although Plaintiffs argue that the concurrent action is simply a "race to adjudication" (Dkt. 17 at 13), their complaint expressly states otherwise. Therefore, the Court finds that the Board has shown that this proceeding would interfere with the ongoing state proceeding.

Having shown that all four elements of *Younger* abstention are present, the Court grants the Board's motion to dismiss.

## IV. ORDER

Therefore, it is hereby **ORDERED** that the Board's motion to dismiss (Dkt. 11) is **GRANTED** and this action is **DISMISSED**.

Dated this 25th day of October, 2012.

BENJAMIN H. SETTLE
United States District Judge

finds that the Board has met its burden in showing that an important state interest is present.

**B.     Interference**

"The final *Younger* requirement is that the federal suit would 'interfere' with the ongoing state proceeding (i.e., enjoin or have the practical effect of enjoining the proceeding)." *City of San Jose*, 546 F.3d at 1095 (citing *Gilbertson*, 381 F.3d at 978).

In this case, Plaintiffs request that the Court "issue an injunction ordering that [the Baord] be enjoined from further prosecuting Plaintiffs Samples and Richardson for alleged violations of RCW Ch. 42.52 . . . ." Complaint at 7. Although Plaintiffs argue that the concurrent action is simply a "race to adjudication" (Dkt. 17 at 13), their complaint expressly states otherwise. Therefore, the Court finds that the Board has shown that this proceeding would interfere with the ongoing state proceeding.

Having shown that all four elements of *Younger* abstention are present, the Court grants the Board's motion to dismiss.

## IV. ORDER

Therefore, it is hereby **ORDERED** that the Board's motion to dismiss (Dkt. 11) is **GRANTED** and this action is **DISMISSED**.

Dated this 25th day of October, 2012.

BENJAMIN H. SETTLE
United States District Judge